## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUFIS A. JEFFERSON, #87491-510,    )
    )
    **Plaintiff,**    )
    )
vs.    )    **Case No. 25-cv-01845-JPG**
    )
DR. HUGHES LOCHARD,    )
    )
    **Defendant.**    )

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Rufis Jefferson's Amended Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 9). Plaintiff alleges that he was denied adequate medical care for Crohn's Disease during his detention at Jefferson County Jail. He seeks monetary relief. *Id*. The Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. §§ 1915A(a)-(b).

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 9, pp. 5-7): During his detention at Jefferson County Jail, Plaintiff informed Dr. Hughes Lochard about his diagnosis with Crohn's Disease on or around November 20, 2023. Plaintiff told the doctor that he needed to see a gastroenterologist about a flare-up that was causing pain. Rather than referring him to a specialist, Dr. Lochard prescribed two rounds of steroids. The medication provided temporary relief but did not treat his underlying condition. *Id*.

1

Due to the lack of treatment, Plaintiff's condition worsened.  His intestines thickened until they became deformed.  Plaintiff wrote several grievances to describe the loss of appetite and unbearable pain caused by his bulging intestines.  He again requested treatment with a gastroenterologist.  Dr. Lochard had access to Plaintiff's medical records and could confirm his diagnosis.  However, the doctor instead told Plaintiff did not have Crohn's Disease and his symptoms were caused by depression.  The doctor prescribed psychotropic medication, which did not help.  *Id*.

Sometime in or around 2025, Plaintiff was finally sent to a gastroenterologist for a colonoscopy.  The specialist informed Plaintiff that his intestines were so deformed that she could not understand how he had survived without treatment.  As a result of his delayed treatment, Plaintiff's condition deteriorated to the point that he now requires a scope every six months and a periodic shot in his stomach for the rest of his life.  In addition, Plaintiff does not qualify for placement in a halfway house because he is on a "medical hold" for Crohn's Disease at his federal facility.  *Id*.

Based on the allegations summarized herein, the Court designates the following claim in the *pro se* Amended Complaint:

**Count 1:**   Eighth or Fourteenth Amendment claim against Dr. Lochard for delaying or denying Plaintiff medical treatment for Crohn's Disease at Jefferson County Jail beginning November 20, 2023.

**The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Discussion

The applicable legal standard for Plaintiff's claim depends on his legal status when the claim arose.  The Fourteenth Amendment controls claims brought by a pretrial detainee.  *McCann*

2

*v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018).  To survive screening under the Fourteenth Amendment, Plaintiff must set forth allegations suggesting that the defendant acted purposefully, knowingly, or perhaps even recklessly in connection with his medical treatment, and the challenged conduct was objectively unreasonable.  *Id*. at 886.  When deciding whether the alleged misconduct was objectively unreasonable, the Court considers "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care."  *Id*.

The Eighth Amendment governs claims of inadequate medical care brought by a convicted person.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To survive screening under the Eighth Amendment, Plaintiff must set forth allegations showing that (a) he suffered from an objectively serious medical need; (b) the defendant knew of the serious medical need and exhibited deliberate indifference to it; and (c) the plaintiff was injured.  *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 (7th Cir. 2022).  An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)).  Deliberate indifference occurs where a defendant "know[s] of and disregard[s] an excessive risk to inmate health."  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Count 1 survives screening under both standards, and the parties can determine which legal standard applies as the case proceeds against Dr. Hughes Lochard.

<u>**Disposition**</u>

**IT IS ORDERED** that the Amended Complaint (Doc. 9) survives screening.  **COUNT 1** will proceed against **DR. HUGHES LOCHARD** in his individual capacity.

**The Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS ORDERED that as to **COUNT 1**, the Clerk of Court shall prepare for Defendant **DR. HUGHES LOCHARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 9), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 9) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/18/2026**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel files an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

6